# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
May 5, 2005 Session

## LINDA M. FERRELL v. CHARLES R. FERRELL

**Appeal from the Chancery Court for Sumner County**
**No. 2002D-400      Tom E. Gray, Chancellor**

---

**No. M2003-02435-COA-R3-CV - Filed July 22, 2005**

---

Husband appeals the division of marital property. The trial court found Husband did not bring into the marriage as many assets as Wife did, thus awarding a greater portion of the parties' home to Wife rather than Husband. The trial court further found that Husband had dissipated marital assets when he sold the parties' horse riding rings in violation of the statutory injunction. Husband claims that the division of property was not equal and challenges the finding that he dissipated marital assets while not making the same finding with regard to Wife. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Thomas F. Bloom, Nashville, Tennessee, for the appellant, Charles R. Ferrell.

Laura Y. Goodall, Gallatin, Tennessee, and Robert Todd Jackson, Nashville, Tennessee, for the appellee, Linda M. Ferrell.

### MEMORANDUM OPINION[1]

Charles R. Ferrell (Husband) and Linda M. Ferrell (Wife) were married in 1988. The parties met in Chattanooga, Tennessee but Wife was a resident of Louisiana where she owned a home and was a co-owner of a beauty school. Wife sold her home for $155,000 and her portion of the beauty

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

school for $150,000 in cash and a promissory note for $150,000.[2]  Husband's line of work was mostly entrepreneurial.  He bought and sold real estate, tractors and horse equipment.  Husband testified to entering the marriage with $68,000 from several land sales he made prior to the marriage but offered nothing in the way of evidence to support this proposition.[3]

Upon the sale of her home and business, Wife moved to Tennessee to be with Husband. They purchased land together and built a home.  Husband paid $8,000 while Wife contributed $30,000 toward the purchase price of the land.  Wife further contributed $224,000 toward the actual building of the home.  Husband did not make any financial contributions but contributed by serving as general contractor for the building of the house.  He also saved the parties money by doing some of the labor and improvements to the house himself rather than contract the work out.

Wife filed for divorce in 2002.  Subsequently, both parties filed motions for contempt claiming the other party had taken marital property in violation of the statutory injunction preventing either party from taking any action with regard to marital property. Tenn. Code Ann. § 46-4-106(d). The court ordered the parties to return the marital property, however, Husband had already sold the parties' horse riding ring for approximately $600.

Thereafter, Wife requested that she be allowed to sell the parties' horses and horse trailer. Following a hearing on the matter, the court granted permission to sell both the horses and the horse trailer.  Husband objected to the sale but did not offer to care for the horses or provide the finances to care for the horses in the interim.

The trial court ultimately awarded the marital home to Wife and $74,000 in cash to Husband for his interest in the home.[4]  Personal property and other assets were also divided but the largest portion of the estate was the marital home.

Husband presents two issues on appeal.  He contends the trial court did not divide the marital property equally.  He also challenges the trial court's finding he dissipated the marital estate while failing to make the same finding with regard to Wife's sale of the horses and trailer.

Review of the trial court's findings of fact is *de novo* with a presumption that the findings of fact are correct unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d).  When a determination depends on the credibility of witnesses, the findings of credibility made by the trial judge are entitled great weight because the trial court has the opportunity to observe the appearance

---

[2] Wife received payments on the note for only eighteen (18) months rather than the full five (5) years due to the buyer's bankruptcy.

[3] Husband had no bank accounts or assets of record when the parties married.  His social security reports showed no income for 1986 and 1987 and showed only $10,650 for 1988.

[4] At the time of the divorce, the house was valued at $240,000 with a $15,000 mortgage balance.

and demeanor of the witnesses. *Royal Insurance Co. vs. Alliance Insurance Co.,* 690 S.W.2d 541, 543 (Tenn. Ct. App. 1985).

We find Husband's complaints pertaining to the division of marital property to be without merit. He claims the trial court erred because it did not make an "equal" division of the marital property; however, Tenn. Code Ann. § 36-4-121(c) does not require an equal division, it requires an equitable division of marital property. Furthermore, when an equitable division of marital property is at issue, Tenn. Ct. App. R. 7 requires that the appellant provide a listing of all marital property. Husband failed to provide that information. Accordingly, we are unable to determine whether the trial court made an equitable division of all marital property. Trial courts are granted wide discretion in fashioning division of property because an equitable division requires a full consideration of the facts and circumstances specific to the parties before them. *Loyd v. Loyd*, 860 S.W.2d 409 (Tenn. Ct. App. 1993); *Batson v. Batson,* 769 S.W.2d 849, 859 (Tenn. Ct. App. 1988). We therefore affirm the division of marital property.

As for Husband's second issue, he contends the trial court erred in two ways: (1) finding he dissipated marital property, and (2) by not making a similar finding against Wife. The evidence concerning this issue is primarily limited to the testimony of two witnesses, Husband and Wife. Significantly, the trial court made a specific finding that Husband's testimony was not credible. Moreover, it is undisputed that Husband sold the riding rings in violation of the statutory injunction, without the knowledge or consent of Wife or the court, and Husband did not restore the property or the value of the property as ordered by the trial court. As for Husband's complaint that Wife was not found to have dissipated marital property as well, the evidence simply does not preponderate against the trial court's finding. Accordingly, we affirm on this issue as well.

We therefore affirm the judgment of the trial court in all respects and this matter is remanded with costs of appeal assessed against appellant, Charles R. Ferrell.

_____
FRANK G. CLEMENT, JR., JUDGE